UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| LILLIAN SCOLARO,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　　Plaintiff,<br>　　v<br><br>SUNRISE CREDIT SERVICES INC.,<br><br>　　　　　　　　Defendant. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Lillian Scolaro [hereinafter "Scolaro"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Sunrise Credit Services Inc. ("Sunrise"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Sunrise's regular transaction of business within this district. Venue in this district also is proper based on Sunrise possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Sunrise also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Scolaro is a natural person who resides at 111 New York Avenue, West Babylon, NY 11704.

6. Scolaro is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about February 24, 2017, Sunrise sent Scolaro the letter annexed as Exhibit A. Scolaro received and read Exhibit A. For the reasons set forth below, Scolaro's receipt and reading of Exhibit A deprived Scolaro of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Sunrise sent Exhibit A to Scolaro in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued an extension of credit or a loan by Teachers Federal Credit Union for his use for personal, family or household purposes, and then, as an individual, failing to pay for these charges. Sunrise, via Exhibit A, attempted to collect this past due debt from Scolaro in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Sunrise is a New York Domestic Corporation with a principal place of business located in Farmingdale, NY.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Sunrise possesses a license from the New York City Department of Consumer Affairs to operate as a

"Debt Collection Agency".

12. Based upon Exhibit A and upon Sunrise possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Sunrise is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, Sunrise sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, Sunrise is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Based on *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2nd Cir., 2017), Defendant violated 15 USC § 1692g(a)(1) by sending Exhibit A to Scolaro.

## SECOND CAUSE OF ACTION-CLASS CLAIM

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

18. Based on *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2nd Cir., 2016), Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

20. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

22. By sending Exhibit A to Scolaro, Sunrise violated 15 USC 1692g.

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

24. The class consist of (a) all natural persons (b) who received a letter from Sunrise dated between February 24, 2017 and the present to collect a past due debt regarding a credit card account, (c) in a form materially identical or substantially similar to Exhibit A.

25. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

26. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

27. The predominant common question is whether Defendant's letters violate the FDCPA.

28. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

29. A class action is the superior means of adjudicating this dispute.

30. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Sunrise in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      February 27, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709